IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-00067-BR

| | |
|---|---|
| SEAN DANIEL BIRICIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JED ZWIFELHOFER, WAL-MART ) | |
| STORES EAST L.P., and WAL-MART ) | |
| STORES INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court regarding Defendants' Motion to Stay Discovery. [DE-17]. In this motion, Defendants request that all obligations under the court's Order for Discovery Plan [DE-13], as well as all discovery, be stayed pending the court's ruling on Plaintiff's Motion to Remand [DE-14] and Defendants' Partial Motion for Judgment on the Pleadings [DE-10]. Plaintiff filed a response in opposition to the motion. [DE-22]. Having carefully considered the motion, the record, Plaintiff's objection to the motion, and applicable authority, the motion to stay will be allowed.

Rule 26(c) of the Federal Rules of Civil Procedure grants a court authority to issue an order limiting or staying discovery. Specifically, a court has discretion to stay discovery pending resolution of dispositive motions filed in a case. *See Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003). In certain cases, a stay of discovery may be appropriate to prevent a waste of time and resources by the parties. *See United States v. A.T. Massey Coal Co.*, No. 2:07-0299, 2007 WL 3051449, at *2 (S.D. W. Va. Oct. 18, 2007). "'Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against

particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion.'" *Yongo v. Nationwide Affinity Ins. Co. of America*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008) (quoting *Tilley*, 270 F. Supp. 2d at 735).

Here, the factors weigh in favor of implementing a stay. First, Plaintiff has sought to have this case remanded to state court. In the event of remand, the need for a discovery plan in conformity with the Federal Rules and Local Rules of this court is obviated. Next, while Defendants' motion is one for partial judgment on the pleadings, it seeks dismissal of multiple claims and may result in a substantial narrowing of the issues for discovery. *See Ramirez-Rodriguez v. Wal-Mart Sore East, L.P.*, No. 5:12-CV-585-BO, Order [DE-40] (E.D.N.C. Feb. 28, 2013) (allowing motion to stay discovery where allowance of defendant's pending motion for partial dismissal of the complaint would result in dismissal of all but one of plaintiff's claims). Finally, the pending motions have been fully briefed and, thus, the discovery at issue is irrelevant to the dispositive motions. While Plaintiff's argument–that any discovery conducted in this case can be utilized in the state court case in the event of remand–has some appeal, it is insufficient to overcome the aforementioned factors weighing in favor of a stay. Likewise, Plaintiff's concerns regarding disappearing evidence are assuaged by Defendants' obligation to preserve material evidence. *See Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.") (citing *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir.1998)).

Accordingly, for good cause shown, Defendants' request to stay discovery is allowed, and

all obligations under the court's Order for Discovery Plan, as well as all discovery, are stayed pending the court's ruling on Plaintiff's Motion to Remand and Defendants' Partial Motion for Judgment on the Pleadings. In the event the court denies the motion to remand, counsel shall confer regarding a Rule 26(f) discovery plan within fourteen (14) days after the court's ruling on the Defendants' Partial Motion for Judgment on the Pleadings and within seven (7) days thereafter file a proposed discovery plan and exchange mandatory initial disclosures.

SO ORDERED, the **9** day of June 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

3