UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-67-BR

| | | |
|---|---|---|
| SEAN D. BIRICIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WAL-MART STORES EAST, LP, | ) | |
| WAL-MART STORES, INC., and JED | ) | |
| ZWIFELHOFER, individually, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the 30 April 2014 motion filed by plaintiff Sean D. Biricik ("plaintiff") to remand this action to state court and to recover costs and expenses under 28 U.S.C. § 1447(c). (DE # 14.) Also before the court is the 14 April 2014 motion filed by defendants Wal-Mart Stores East, LP; Wal-Mart Stores, Inc.; and Jed Zwifelhofer ("defendants") for partial judgment on the pleadings. (DE # 10.) The period to respond and reply to the motions has elapsed, and the matters are now ripe for disposition.

## I. BACKGROUND

This is an employment dispute that was commenced by plaintiff in North Carolina state court on 5 March 2014. (Compl., DE # 2-2.) Plaintiff named as defendants his former employer, Wal-Mart Stores East, LP, and its parent corporation, Wal-Mart Stores, Inc. (collectively "Wal-Mart"). (Compl., DE # 2-2, ¶¶ 3-4, 9-10.) Plaintiff also named one individual as a defendant, Jed Zwifelhofer ("Zwifelhofer"). (Id. ¶ 5.) Zwifelhofer was plaintiff's immediate supervisor. (Id. ¶ 12.) Plaintiff's sole claim against Zwifelhofer is for tortious interference with a contract, *i.e.*, that Zwifelhofer intentionally induced Wal-Mart to terminate plaintiff's employment. (Id.

¶¶ 12, 14, 16, 35-39.)

Defendants removed plaintiff's lawsuit to this court on 7 April 2014. (DE # 2.) Defendants subsequently filed a motion for partial judgment on the pleadings on 14 April 2014. (DE # 10.) Plaintiff filed a response on 5 May 2014 (DE # 16), and defendants replied on 22 May 2014 (DE # 19). Plaintiff filed a motion to remand on 30 April 2014. (DE # 14.) Defendants filed a response on 27 May 2014 (DE # 20), and plaintiff replied on 2 June 2014 (DE # 21).

## II. DISCUSSION

A.  <u>Motion to Remand</u>

Defendants state that they removed this action to federal court based on the existence of diversity jurisdiction. (Notice of Removal, DE # 2.) In his motion for remand, plaintiff argues that this lawsuit does not meet the requirements for removal. To invoke a court's diversity jurisdiction, the parties must be completely diverse, meaning that the plaintiff does not share citizenship with any of the defendants, and the amount in controversy must exceed the jurisdictional threshold of $75,000. 28 U.S.C. § 1332; <u>Mayes v. Rapoport</u>, 198 F.3d 457, 461 (4th Cir. 1999). In this case, plaintiff is a resident of North Carolina. (Compl., DE # 2-2, ¶ 2.) Plaintiff alleges that Zwifelhofer is also a resident of North Carolina. (<u>Id.</u> ¶ 5.)

Even though plaintiff and Zwifelhofer are both residents of North Carolina, and therefore diversity of citizenship is seemingly not present, defendants contend that removal is still appropriate under the doctrine of fraudulent joinder. This doctrine allows the court to disregard the citizenship of the non-diverse defendant and retain federal jurisdiction. <u>Mayes</u>, 198 F.3d at 461. Specifically, a defendant alleging fraudulent joinder must show either "outright fraud in the

2

plaintiff's pleading of jurisdictional facts" or that "there is no possibility that the plaintiff would be able to establish a cause of action" against the non-diverse defendant. Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (emphasis in original) (citation and internal quotation marks omitted). The former situation is not implicated here; rather, the question is whether defendants can show that there is no possibility that plaintiff will able to establish a cause of action against Zwifelhofer.

In answering that question, the court must resolve all legal and factual issues in favor of the plaintiff. Id. ("The party alleging fraudulent joinder bears a heavy burden – it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor."). Additionally, in evaluating the propriety of a remand, the court is not confined to the pleadings presented to it, but may consider the entire record available to it. AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990). As the Fourth Circuit Court of Appeals has made clear, the standard under the fraudulent joinder doctrine is even more favorable to a plaintiff than that applied to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hartley, 187 F.3d at 424. "Once the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends." Id. at 426.

Moreover, the court may not "delv[e] too far into the merits of deciding a jurisdictional question" because

> [j]urisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

Id. at 425.

3

Defendants assert that Zwifelhofer is not properly in this case because there is no possibility that plaintiff will be able to establish a claim against him for tortious interference with a contract. To establish a claim of tortious interference with a contract under North Carolina law, a plaintiff must show:

> (1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to the plaintiff.

Embree Constr. Grp., Inc. v. Rafcor, Inc., 411 S.E.2d 916, 924 (N.C. 1992) (citation omitted). This cause of action has been found to be applicable to an employment contract that was terminable at will. See, e.g., Childress v. Abeles, 84 S.E.2d 176, 184 (N.C. 1954); Lenzer v. Flaherty, 418 S.E.2d 276, 286 (N.C. Ct. App.), disc. review denied, 421 S.E.2d 348 (N.C. 1992).

Here, defendants argue that plaintiff cannot establish the fourth element of his claim, *i.e.*, that Zwifelhofer acted without justification. "Whether an actor's conduct is justified depends upon 'the circumstances surrounding the interference, the actor's motive or conduct, the interests sought to be advanced, the social interest in protecting the freedom of action of the actor[,] and the contractual interests of the other party.'" Embree Constr. Grp., 411 S.E.2d at 924 (alteration in original) (quoting Peoples Sec. Life Ins. Co. v. Hooks, 367 S.E.2d 647, 650 (N.C. 1988)). "Generally speaking, interference with contract is justified if it is motivated by a legitimate business purpose[.]" Id.

Furthermore, "[o]fficers, directors, shareholders, and other corporate fiduciaries have 'a qualified privilege to interfere with contractual relations between the corporation and a third party.'" Id. (quoting Wilson v. McClenny, 136 S.E.2d 569, 578 (N.C. 1964)). "The acts of a

4

corporate officer in inducing his company to sever contractual relations with a third party are presumed to have been done in the interest of the corporation." Wilson, 136 S.E.2d at 578. "The privilege, however, is qualified, not absolute; the presumption that an officer's acts are in the corporation's interest and thus justified is overcome when the means or the officer's motives are improper." Embree Constr. Grp., 411 S.E.2d at 924.

Defendants contend that plaintiff cannot succeed on his claim against Zwifelhofer for tortious interference with a contract based upon the existence of the qualified privilege described above. Defendants maintain that Zwifelhofer's actions relating to the termination of plaintiff's employment were justified because plaintiff engaged in misconduct by "grabbing a customer by his clothing and marching him through the store[.]" (Defs.' Mem. Opp'n Mot. Remand, DE # 20, at 7.) Defendants insist that plaintiff's "own allegations and previous judicial admissions" establish that Zwifelhofer acted in the interest of Wal-Mart. (Id. at 1.) In contrast, plaintiff emphasizes that "[a]t no point has [he] ever admitted that Zwifelhofer was motivated by a legitimate business consideration[.]" (Pl.'s Reply Supp. Mot. Remand, DE # 21, at 5-6.) As a result of these contrary positions, the court would be required to delve deeply into the weighing and analysis of the parties' factual allegations in order to determine whether Zwifelhofer acted without justification. However, such a course of action is impermissible when deciding a jurisdictional question. See Hartley, 187 F.3d at 425. Rather, insofar as there is any uncertainty as to the question of whether Zwifelhofer's actions were justified, the court must resolve all doubts in favor of remand. Id. Therefore, the court finds defendants' argument on this issue to be without merit.

Next, defendants argue that there is no possibility that plaintiff can establish a claim for

5

tortious interference with a contract against Zwifelhofer because plaintiff "misconstrues the nature of the malice element required for a tortious interference claim." (Defs.' Mem. Opp'n Mot. Remand, DE # 20, at 5-6.) Defendants maintain that plaintiff's complaint lacks "any allegation that Mr. Zwifelhofer acted with legal – rather than actual – malice." (Id. at 6-7.) Again, the court is not persuaded by this argument. "A person acts with legal malice if he does a wrongful act or exceeds his legal right or authority in order to prevent the continuation of the contract between the parties." Varner v. Bryan, 440 S.E.2d 295, 298 (N.C. Ct. App. 1994). In this case, plaintiff alleges in the complaint that Zwifelhofer committed a "wrongful act" because Zwifelhofer's motive in terminating plaintiff was allegedly improper. Id. Plaintiff asserts that Zwifelhofer's actual motivation was age discrimination rather than any legitimate business interest. (Compl., DE # 2-2, ¶¶ 12, 14, 16, 35-39.) These allegations are enough to suggest that Zwifelhofer was acting beyond the interest of the employer.

      The court concludes that defendants have not met the heavy burden of showing, after all legal and factual issues are resolved in plaintiff's favor, that there is no possibility that plaintiff can establish a cause of action against Zwifelhofer. Defendants would like this court to adhere to a standard that is different from the remand standard. The court makes no comment about whether plaintiff would successfully defeat a motion to dismiss the claim against Zwifelhofer under Federal Rule of Civil Procedure 12(b)(6). Rather, the court finds that plaintiff has established a glimmer of hope that his claim against Zwifelhofer could be successful. That is all that is needed to defeat defendants' removal of the action to this court. Plaintiff has selected his forum, and the court finds no compelling reason to disturb that selection in favor of defendants. Accordingly, plaintiff's motion to remand will be granted.

B. <u>Request for Costs and Expenses</u>

Plaintiff has moved for costs and expenses, including attorney's fees, incurred in connection with the removal, which are recoverable within the discretion of the court. 28 U.S.C. § 1447(c); <u>In re Lowe</u>, 102 F.3d 731, 733 n.2 (4th Cir. 1996). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." <u>Id.</u> While plaintiff's motion to remand will be granted for the reasons stated herein, the court finds that the record does not reflect that defendants removed this case to prolong the litigation nor that they lacked an objective, reasonable basis for their removal, even though the basis for removal was incorrect. Therefore, plaintiff's request for costs and expenses will be denied.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand and to recover costs and expenses (DE # 14) is GRANTED IN PART and DENIED IN PART. Plaintiff's motion to remand is GRANTED. Plaintiff's request for costs and expenses pursuant to 28 U.S.C. § 1447(c) is DENIED. Defendants' motion for partial judgment on the pleadings (DE # 10) is DENIED AS MOOT. This case is REMANDED to the General Court of Justice, Superior Court Division, Columbus County, North Carolina. The Clerk is directed to send a copy of this order to the

7

Clerk of that court.

This 13 August 2014.

                                                        W. Earl Britt
                                                       Senior U.S. District Judge